IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| OHIO SECURITY INSURANCE COMPANY and THE OHIO CASUALTY INSURANCE COMPANY, § § § § § § *Plaintiffs* § § v. § § AUGUSTA NORTH HOUSTON, LLC, § AUGUSTA APTS MANAGEMENT, § LLC, DISRUPT MANAGEMENT, LLC, § and BRIDGET YOUNG-FRANKLIN, § INDIVIDUALLY and as the § Representative of the Estate of § MAHOGANY DEANN FRANKLIN, § § *Defendants* § | CIVIL ACTION NO. 4:25-cv-6314 |

### ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT

Pursuant to 28 U.S.C. §§ 1332 and 2201, Plaintiffs Ohio Security Insurance Company and The Ohio Casualty Insurance Company file this Original Complaint for Declaratory Judgment against Defendants Augusta North Houston, LLC, Augusta Apts Management, LLC, Disrupt Management LLC, and Bridget Young-Franklin, Individually and as the Representative of the Estate of Mahogany Deann Franklin, Deceased, and would respectfully show the Court as follows:

### I.
### PARTIES

1.   Ohio Security Insurance Company ("Ohio Security") is a New Hampshire insurance company with its principal place of business in Massachusetts. Ohio Security was and

is duly qualified to do and to transact business in Texas, and executes and delivers insurance policies throughout Texas, including Harris County.

2. The Ohio Casualty Insurance Company ("Ohio Casualty") **is** a New Hampshire insurance company with its principal place of business in Massachusetts. Ohio Casualty was and is duly qualified to do and to transact business in Texas, and executes and delivers insurance policies throughout Texas, including Harris County.

3. Augusta North Houston, LLC ("Augusta North") is a Texas limited liability company, and service of process may be served with citation upon its registered agent, Kelley Clark, PC, 603 E. Broadway Street, Prosper, TX 75078. Plaintiffs request that citation be issued and served upon this defendant. Upon information and belief, the members of Augusta North are citizens of Utah and Idaho.

4. Augusta Apts Management, LLC ("Augusta Apts") is a forfeited Texas limited liability company and may be served with citation upon its previously registered manager, Jack Aduwo, at his residence at 2929 W Wapoot Street, Meridian, ID 83646, by private process at that address. Plaintiffs request that citation be issued and served upon this defendant. Upon information and belief, the members of Augusta Apts are citizens of Idaho.

5. Disrupt Management, LLC ("Disrupt Management") is a Texas limited liability company and may be served with citation upon its registered agent, Disrupt Equity, LLC, at 757 N. Eldridge Parkway, Suite 900, Houston, Texas 77079. Upon information and belief, the members of Disrupt Management are citizens of Texas. Plaintiffs request that citation be issued and served upon this defendant.

6. Bridget Young-Franklin is a natural person residing in Travis County, Texas. Service may be had on her at her residence at 3625 Pine Hurst, Pflugerville, Texas 78660, by

private process at that address.  Plaintiffs request that citation be issued and served upon this defendant.

## II.
## JURISDICTION AND VENUE

7. This suit is filed pursuant to 28 U.S.C. § 2201, which authorizes actions for declaratory judgment.  This suit is within the Court's jurisdiction pursuant to 28 U.S.C. § 1332 because it is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interests or costs.  It is necessary as it concerns a liability insurer's alleged duty to defend and to indemnify Defendants Augusta North, Augusta Apts, and Disrupt Management in an underlying state court suit styled as Cause No. 202459856; *Bridget Young-Franklin, Individually and as the Representative of the Estate of Mahogany Deann Franklin Deceased v. Augusta North Houston, LLC d/b/a Augusta North, and Augusta Apts Management, LLC, d.b.a. Augusta North.*, in the 190th Judicial District Court of Harris County, Texas (the "Underlying Suit"), by Franklin.  *See* Exhibit "A," Plaintiffs' First Amended Petition in the Underlying Suit.  The cost of defending and indemnifying Augusta North, Augusta Apts, and Disrupt Management in the Underlying Suit would be a sum in excess of the minimum jurisdictional limits of this Court.

8. Venue is appropriate in the Houston Division of the Southern District of Texas because the incident giving rise to the Underlying Suit occurred and the Underlying Suit giving rise to the parties' dispute in this declaratory judgment action is pending in state district court in Harris County.

9. All persons having an interest in the outcome of this litigation have been joined as parties. The interest of Plaintiffs is adverse to the interest of Defendants, and an actual controversy of a justiciable nature exists between the parties regarding the issue of insurance coverage, if any,

for the claim against Augusta North, Augusta Apts. and Disrupt Management, LLC in the Underlying Suit. No party to this action has sought to adjudicate its rights or responsibilities in this regard by any other legal action.

## III.
## BACKGROUND

### A. The Insurance Policies

10. As of September 2, 2023, there was in force a commercial general liability policy, number BLS 65615736 with a policy period of October 25, 2022 to October 25, 2023, issued by Ohio Security to the named insured Augusta North Houston, LLC d/b/a The Augusta Apartments (the "CGL Policy"). A true and correct copy of the CGL Policy is attached hereto as Exhibit "B."

11. As of September 2, 2023, there was also in force an excess liability policy, number ESO 65615736 with a policy period of October 25, 2022 to October 25, 2023, issued by Ohio Casualty to the named insured Augusta North Houston, LLC d/b/a The Augusta Apartments (the "Excess Policy"). A true and correct copy of the Excess Policy is attached hereto as Exhibit "C."

### B. The Underlying Suit

12. The Underlying Suit was commenced on September 5, 2024 by Bridget Young-Franklin, Individually and Representative of the Estate of Mahogany Deann Franklin. The live pleading in the Underlying Suit is the First Amended Petition, filed on May 13, 2025. It alleges in part that the decedent's death on September 2, 2023 was the direct result of her exposure to dangerous levels of mold in her apartment unit. Ex., A, Amended Petition at ¶ 6.3. The Amended Petition includes the following factual allegations in this regard:

> Mahogany Deann Franklin, Deceased, was a tenant and Lessee of Defendant, Augusta North . . . apartments located at 12655 Kuykendahl Road, #5105 "Unit", Houston, Harris County, Texas 77090, from February 6, 2023 to February 29, 2024. The apartment complex was under the management of Defendants, from February 6, 2023 through Mahogany Deann Franklin's death on September 2, 2023. Such

> defendants were engaged in and responsible for the operation, management, and control of the premises.
>
> There was a water leak in the apartment complex, that affected Mahogany Deann Franklin's Unit. Plaintiff's Unit was inundated with water that caused a *severe mold infestation*.
>
> On September 2, 2023, *as a direct result of Mahogany Deann Franklin's exposure to the dangerous levels of mold in her Unit, she collapsed due to inability to breathe*. After, Ms. Franklin collapsed, her roommate called 911. When the Houston Fire Department personnel arrived minutes later, it was determined that Mahogany Deann Franklin, had *died*.

*Id*. at ¶¶ 6.1-6.3 (emphasis added).

13. The Amended Petition brings claims of premises liability, negligence, gross negligence, wrongful death, and survivorship benefits. *Id.* at ¶¶ 7.1-11.1. It seeks damages in an amount in excess of $1,000,000 for, *inter alia*, mental anguish, loss of companionship, loss of consortium, pecuniary losses, loss of inheritance, funeral and burial expenses, pain and suffering, and reasonable and necessary medical expenses. *Id.* at ¶¶ 2.1, 9.2, 10.6, and 11-12.

14. Pursuant to a reservation of rights, Ohio Security is currently defending Augusta North and Augusta Apts in the Underlying Suit. By this action, Ohio Security seeks a judgment declaring that, under the CGL Policy, it has no duty to defend or to indemnify therein either of them (or Disrupt Management, which also has sought a defense under the CGL Policy). Similarly, Ohio Casualty hereby seeks a judgment declaring that, under the Excess Policy, it has no duty to defend or to indemnify Augusta North or Augusta Apts (or Disrupt Management) in the Underlying Action.

### IV.
### CLAIM FOR RELIEF

A. **The CGL Policy Provides No Coverage for the Claims in the Underlying Suit, as any such Coverage is Barred by the Fungi and Bacteria Exclusion.**

15.   Ohio Security pleads all provisions of the CGL Policy as if such were fully set forth herein, including all exclusions.  Such provisions include the following, which appear in the coverage form (CG 00 01 04 13):

**SECTION I – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. . . .

   b. This insurance applies to "bodily injury" and "property damage" only if:

      **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory."

      **(2)** The "bodily injury" or "property damage" occurs during the policy period.

Ex. B, CGL Policy at p. 26.

16.   Such provisions also include the following, which appear in the Fungi or Bacteria Exclusion form (CG 21 67 12 04):

A. The following exclusion is added to Paragraph 2. Exclusions of **Section I – Coverage A – Bodily Injury and Property Damage Liability:**

   **2.,  Exclusions**

   This insurance does not apply to:

   **Fungi or Bacteria**

   a. "Bodily injury" or "property damage" which would not have occurred, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any "fungi" or "bacteria on or within a building or structure, including its contents, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury or damage.

    **b.** Any loss, cost or expenses arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to, or assessing the effects of, "fungi" or bacteria, by any insured or by any other person or entity.

    This exclusion does not apply to any "fungi" or bacteria that are, are on, or are contained in, a good or product intended for bodily consumption. . . .

**C.** The following definition is added to the **Definitions** Section:

    "Fungi" means any type or form of fungus, including mold or mildew and any mycotoxins, spores, scents or by-products produced or released by fungi.

*Id.* at p. 46.

    17.    As outlined above, Fungi or Bacteria Exclusion in endorsement CG 21 67 12 04 of the CGL Policy eliminates any liability coverage thereunder for, *inter alia*, "'[b]odily injury' which would not have occurred in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any 'fungi' . . . on or within a building or structure, including its contents, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury or damage." The Amended Petition, in turn, alleges as to the potential liability of Augusta North, Augusta Apts, and Disrupt Management that there was a "severe mold infestation" that affected Mahogany Deann Franklin's apartment and "as a direct result of Mahogany Deann Franklin's exposure to the dangerous levels of mold in her Unit, she collapsed due to inability to breath" and "died." Amended Petition at ¶ 6.3. The Fungi or Bacteria Exclusion in the CGL Policy thus forecloses any duty thereunder to defend Augusta North Houston, Augusta Apts., or Disrupt Management in the Underlying Suit.

    18.    A liability insurer's duty to defend is separate from its duty to indemnify. A court may adjudicate indemnity when the same reasons that negate the duty to defend likewise negate any possibility that the insurer will ever have a duty to indemnify. *Farmers Tex. Cnty. Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 84 (Tex. 1997). Because no evidence can ever be developed in the

Underlying Suit that would change the cause of Franklin's death, the Fungi or Bacteria Exclusion precludes any duty to indemnify Augusta North, Augusta Apts, or Disrupt Management in the Underlying Suit.

**B.     As it Follows Form to the CGL Policy, the Excess Policy Also Provides No Coverage for the Claims in the Underlying Suit.**

19.    Ohio Casualty pleads all provisions of the Excess Policy as if such were fully set forth herein, including all exclusions.  Such provisions include the following, which appear in the coverage form (CE 65 24 06 97):

> **I.   COVERAGE**
> We will pay on behalf of the Insured the amount of "loss" covered by this insurance in excess of the "Underlying Limits of Insurance" shown in Item 5. Of the Declarations, subject to INSURAING AGREEMENT Section II., Limits of Insurance.  Except for the terms, conditions, definitions an exclusions of this policy, the coverage provided by this policy will follow the "first underling insurance."

Ex. C, Excess Policy at p. 22.

20.    The Excess Policy defines the term "first underlying insurance" as "the policy or policies of insurance stated as such in Item 5. of Declarations."  Ex. C at p. 24, Section V.A.  Item 5. of Declarations, in turn, identifies the "first underlying insurance" as the CGL Policy.  Ex. C at p. 19.  Because the Fungi or Bacteria exclusion in the CGL Policy unambiguously bars any coverage thereunder for the claims in the Underlying Suit, the follow-form Excess Policy also provides no coverage for such claims; accordingly, Ohio Casualty also has no duty to defend or to indemnify  Augusta North, Augusta Apts, or Disrupt Management in the Underlying Suit.

**C.     Declaratory Judgment**

21.    Pursuant to 28 U.S.C. § 2201, Ohio Security is entitled to a judgment against Augusta North, Augusta Apts, Disrupt Management, and Bridget Young-Franklin, declaring that,

under the CGL Policy, Ohio Security has no duty to defend or to indemnify Augusta North, Augusta Apts, or Disrupt Management in the Underlying Suit.

22. Similarly, Ohio Casualty is entitled to a judgment against Augusta North, Augusta Apts, Disrupt Management, and Bridget Young-Franklin, declaring that, under the Excess Policy, Ohio Casualty has no duty to defend or to indemnify Augusta North, Augusta Apts, or Disrupt Management in the Underlying Suit.

## V.
## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiffs Ohio Security Insurance Company and The Ohio Casualty Insurance Company pray that Defendants Augusta North Houston, LLC, Augusta Apts Management, LLC, Disrupt Management, LLC, and Bridget Young-Franklin, individually and as the Representative of the Estate of Mahogany Deann Franklin, Deceased, be cited to appear and answer herein, and that on final hearing Plaintiffs have the following judgment:

a. Declaring that Plaintiffs Ohio Security and Ohio Casualty have no duty to defend or to indemnify to Augusta North, Augusta Apts, or Disrupt Management in the Underlying Suit and therefore have no duty to pay any portion of the defense costs incurred or paid by any person in connection with the Underlying Suit; and

b. Awarding Plaintiffs any further relief to which they may show they are justly entitled.

*{Signature on following page}*

Respectfully submitted,

**HANNA & PLAUT, L.L.P.**
211 East Seventh Street, Suite 600
Austin, Texas 78701
Telephone:     (512) 472-7700
Facsimile:     (512) 472-0205

By: */s/ Catherine L. Hanna*
     Catherine L. Hanna
     State Bar No. 08918280
     channa@hannaplaut.com
     Rwan Saffarini Hardesty
     State Bar No. 24066771
     rhardesty@hannaplaut.com

**ATTORNEYS FOR PLAINTIFFS**
**OHIO SECURITY INSURANCE COMPANY**
**and THE OHIO CASUALTY INSURANCE**
**COMPANY**